ABNER S. McLAUD, trustee in bankruptcy, *vs.* SPRINGFIELD FIVE CENTS SAVINGS BANK.

Franklin. September 22, 1926. — October 18, 1926.

Present: CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Municipal Corporations*, Officers and agents. *Evidence*, Competency. *Practice, Civil*, Ordering verdict.

At the trial of an action by a trustee in bankruptcy of a former treasurer of a town against a savings bank for the amount of a deposit which had been in the bank in the treasurer's individual name and which through fraud and forgery by a third person and without the knowledge of the treasurer had been withdrawn and placed in an account in the treasurer's name belonging to the town, evidence is admissible that in an action by the town against the former treasurer, the plaintiff's bankrupt, for shortages in his accounts caused by embezzlements by the same third person, the bankrupt with full knowledge of the facts had permitted the amount thus wrongfully procured from his individual account with the defendant to be applied to his credit against the amount he was found to owe the town.

In the action by the trustee in bankruptcy against the savings bank above described, the defendant alleged in its answer that upon the facts therein stated it would be inequitable to permit the plaintiff to recover. It was not disputed that the account which the plaintiff trustee sought to recover had been applied, in the action by the town against the plaintiff's bankrupt, without objection and with full knowledge on the part of the bankrupt in reduction of his indebtedness to the town, so that the bankrupt had the full benefit of the amount which the plaintiff trustee sought to recover. The judge ordered a verdict for the defendant. *Held*, that the verdict for the defendant properly was ordered.

CONTRACT for the amount of a deposit alleged to be with the defendant bank in the name of Warren J. Wright, the plaintiff's bankrupt. Writ dated February 12, 1925.

In the Superior Court, the action was tried before *Lummus*, J. Material evidence and proceedings at the trial are described in the opinion. After the return of a verdict for the plaintiff in the sum of $372.35, the judge, in accordance with leave reserved, ordered a verdict for the defendant. The plaintiff alleged exceptions.

*H. E. Ward*, for the plaintiff.
*H. P. Herr*, for the defendant.

CROSBY, J.    This action is brought by the plaintiff, as trustee in bankruptcy of the estate of Warren J. Wright, to recover the sum of $300 of a deposit with the accumulated interest thereon in the defendant bank.    The case was tried before a jury in the Superior Court, and after a verdict had been returned for the plaintiff, but before it had been recorded, the presiding judge reserved leave with the assent of the jury to enter a verdict for the defendant if this court should decide that such verdict should have been entered. Thereafter, on motion of the defendant, a verdict was entered in its favor, subject to the plaintiff's exception.

It appears from the record that Wright, the bankrupt, for the thirty years continuously before March 8, 1922, was the treasurer of the town of Northfield; that on January 11, 1910, he deposited $300 of his individual funds in the defendant bank and received therefor a savings bank book in his own name and subscribed to and agreed to be bound by the by-laws of the bank; that on December 13, 1921, a third person, who did some work for Wright, acting without his knowledge or consent or negligence on his part, obtained possession of said savings bank book, forged Wright's name to an order upon the bank for the payment of $300 from the deposit, mailed the book and order to the bank, intercepted a check for $300 drawn by the bank and payable to Wright, and also the book showing the withdrawal of the $300; that this person altered the book so as to conceal the withdrawal of the $300, forged the indorsement of Wright upon the check, and deposited it to the credit of Wright, as treasurer of the town of Northfield, in the Franklin County Trust Company; that on December 19, 1921, the trust company collected the check and credited the proceeds, amounting to $300, to Wright's account, as town treasurer, which deposit was the property of the town.

On that date Wright, largely because of the embezzlement of funds of the town by said third person acting as his servant, in the performance of his duties as treasurer, was short in his accounts and liable to the town to the extent of several thousand dollars; this shortage had existed for more than a year and still exists; but at that time he was ignorant of it.

An investigation of his accounts by the chief examiner of the division of accounts of the department of corporations and taxation disclosed the shortage and fraudulent conduct of the third person, and Wright resigned as treasurer on March 8, 1922; there then remained in his account as treasurer in the trust company the sum of $421.60. Between December 19, 1921, and March 8, 1922, various sums exceeding $300 had been deposited and withdrawn from the account in payment of obligations of the town. It further appeared that within ten days after March 8, 1922, Wright was informed for the first time of the fraudulent withdrawal of the $300 from the defendant bank, and of its deposit in the trust company; but he took no steps to recover said balance of $421.60, or the $300 of his individual funds deposited to his account as treasurer in the trust company, or any other individual funds of his which, in similar transactions, had been deposited to his account as treasurer. In March, 1922, he received a copy of the report of the chief examiner in which it appeared that there was a total deficit of $17,434.20; that the gross deficit was $19,250.89 but that Wright should be credited with the $421.60 on deposit in the trust company which came into the hands of his successor as treasurer, and $1,395.09 paid by Wright in cash and checks. The crediting of these sums left a net deficit of $17,434.20, as above stated.

On June 13, 1922, an action was brought in the Superior Court by the town of Northfield against Wright to recover the amount of the deficit. Counsel appeared for Wright and the case was heard before an auditor and afterwards by a jury; and a verdict was rendered in favor of the town in the sum of $17,434.20 and interest, the verdict, exclusive of interest, being for the same amount as found due by the examiner. The defendant was credited in that action with the two items above referred to. The record states that Wright did not object to being credited with the $421.60 in that action "and did not suggest that that balance was his money or that his actual liability to the plaintiff town ought to be $300 greater than the plaintiff town's declaration showed because $300 of his individual money had been wrongfully applied to the use of the town . . . ."

The defendant in the present action at the close of the evidence moved that a verdict be directed in its favor; this motion was denied, subject to the defendant's exception. The evidence of the proceedings in the case of the town against Wright was admitted subject to the plaintiff's exception. The record states that "though the exception to that evidence is still insisted upon by the plaintiff, both parties hereto conceded the truth of all the facts stated in this bill of exceptions as appearing from the evidence." The questions of law presented are (1) Was the evidence of the proceedings in the case of the town against Wright admissible? and (2) Was the verdict rightly entered for the defendant?

The evidence of the proceedings in the action brought by the town against Wright was plainly admissible. It was competent to show that, although the $300 was fraudulently withdrawn from Wright's account in the defendant bank by his employee without his knowledge at the time, yet that he learned of it long before the trial in the action brought against him by the town and in that action made no claim that the $300 should not be credited to him. His failure to assert such claim was evidence of his assent to the application of that sum in reduction of the amount he owed the town, and the jury by their verdict must have so found. Besides, the record shows that he had in that action the full benefit of the amount of the deposit so unlawfully withdrawn from the defendant bank, as it reduced his liability to the town to the extent of such withdrawal. The exception to the admission of this evidence must be overruled.

The question remains, whether the trial judge erred in entering a verdict for the defendant. The defendant alleges in its answer that upon the facts therein stated it would be inequitable to permit the plaintiff to recover. G. L. c. 231, § 31. No question has been raised as to whether an equitable defence has been pleaded properly. Upon the undisputed facts shown by the record it appears that the amount which the plaintiff as trustee seeks to recover was applied without objection by Wright in reduction of his indebtedness to the town of Northfield, and that before such application

was made he had knowledge of all the facts. He has had the full benefit of the amount now claimed, and the defendant cannot now be charged with liability to his trustee in bankruptcy. The case is indistinguishable in principle from *St. Jean Baptiste Societe* v. *Worcester County Institution for Savings*, 228 Mass. 556, and is governed by it.

As the plaintiff cannot recover for the reasons stated, it is unnecessary to consider whether the defendant's by-laws are a defence to the action.

*Exceptions overruled.*